UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                Plaintiff,

v.

TAYLOR JONES,

                Defendant.

CASE NO. C19-0832-RAJ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Gabriel Eckard, proceeding *pro se* and *in forma pauperis*, has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Snohomish County Jail ("the Jail"). He alleges in his complaint that his constitutional rights were violated when he was forced to choose between sleep and hygiene, and he names jail deputy Taylor Jones as the lone defendant in this action. Plaintiff seeks declaratory and injunctive relief, and damages. (*Id.*)

The Court is required to screen complaints filed by prisoners or detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

REPORT AND RECOMMENDATION
PAGE - 1

from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b). This Court, having reviewed plaintiff's proposed complaint, recommends that this matter be dismissed as plaintiff has failed to state any claim upon which relief may be granted under § 1983.

## DISCUSSION

To sustain a § 1983 claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff asserts that on the morning of April 2, 2019, at approximately 3:00 a.m., defendant Jones woke him up to ask if he wanted his recreation time, the only time during which he is permitted to shower. (Dkt. 1-1 at 2-3.) Plaintiff declined the shower, telling Jones he was too tired, and then he went back to sleep. (*Id*. at 3.) At approximately 5:30 a.m., after eating his breakfast, plaintiff asked defendant Jones if he could have a shower. (*Id*.) According to plaintiff, defendant Jones told him he could not have a shower because he declined his recreation time. (*Id*.) Plaintiff alleges that forcing him to choose between sleep and hygiene constitutes impermissible punishment.

As a pretrial detainee, plaintiff has the right to be free from punishment under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 533 (1979). In assessing conditions of confinement for pretrial detainees, the Court considers whether the conditions amount to punishment, causing harm or disability significantly exceeding or independent of the inherent discomforts of confinement, or whether they merely result from some legitimate governmental purpose. *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017). The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard

to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015), and *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017)).[1]  A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]."  *Kingsley*, 135 S. Ct. at 2473-74.

An institution must provide prisoners and pretrial detainees "adequate food, clothing, shelter, sanitation, medical care, and personal safety."  *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *overruled on other grounds in Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008).  However, while a severe or prolonged lack of sanitation could amount to a constitutional violation, *see Anderson v. County of Kern*, 45 F.3d 1310, 1314, *as amended*, 75 F.3d 448 (9th Cir. 1995), not every deprivation or poor condition of confinement rises to that level.  Courts have, for example, found a denial of twenty-one days of exercise and inadequate food, sanitation, and care does not necessarily violate the constitution.  *See May v. Baldwin*, 109 F.3d 557, 565-66 (9th Cir. 1997).  There is no

---

[1] Previously, "all conditions of confinement claims, including claims for inadequate medical care, were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment."  *Gordon*, 888 F.3d at 1122-23 (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010)).  Although the Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims beyond a denial of medical care, failure-to-protect, and excessive force claims, the decision in *Gordon* strongly suggests it will do so.  *See Gordon*, 888 F.3d at 1120, 1124, and 1124 n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)).

constitutional right to a certain number of showers per week and an occasional or temporary deprivation of a shower does not rise to the level of a constitutional violation. *See, e.g., Gonzales v. Price*, No. 07-1391 2009 U.S. Dist. LEXIS 119280 at *15-16 (E.D. Cal. Dec. 2, 2009) ("Plaintiff alleges being denied showers approximately twenty-five days in a two year period, with apparently no such prohibition being imposed for longer than three days in a row. Such temporary restriction on showers simply does not rise to the level of unconstitutional conditions of confinement."); *Cox v. McDaniel*, No. 03-651, 2004 U.S. Dist. LEXIS 32924 at *15-16 (D. Nev. Feb. 25, 2004) ("A few days denial of yard time or showers does not rise to a constitutional violation.") *See generally Anderson*, 45 F.3d at 1315 (temporary sanitary limitations do not violate constitutional rights).

Plaintiff fails to state a claim for relief. There is no allegation or evidence of a prolonged deprivation that could support a conditions of confinement claim. Plaintiff's challenge to a single instance in which he was denied the opportunity to take a shower because he elected instead to get some additional sleep simply does not suffice to state a claim.

Plaintiff also fails to demonstrate that the denial of a shower on the occasion in question lacked a rational relationship to a legitimate governmental objective or was excessive in relation to that objective. *Kingsley*, 135 S. Ct. at 2473-74. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell*, 441 U.S. at 546. Corrections administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id*. at 547.

Plaintiff submitted with his complaint a copy of a Jail grievance form in which he raised his concern about being forced to choose between sleep and hygiene. In the response to that

REPORT AND RECOMMENDATION
PAGE - 4

grievance, plaintiff was advised that he has "a choice to accept or decline rec when it is offered." (Dkt. 1-2 at 3.)  He was further advised that his "rec is offered on an alternating basis and is balanced with many other activities that must occur at particular times in the unit where you are housed." (*Id*.)  It is apparent from the grievance response that offering prisoners recreation periods, and therefore opportunities to shower, at undesirable times is occasionally necessary in order to facilitate the smooth functioning of the observation unit where plaintiff was housed at times relevant to this action. The practice is therefore rationally related to legitimate governmental objectives.  That plaintiff preferred to have events occur on his own schedule rather than on the schedule best suited to the overall functioning of the housing unit, and that he lost an opportunity to shower on a single day when the schedule did not comport with his preferences, does not amount to a violation of plaintiff's constitutional rights.

Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*.  It does not appear plaintiff will be able to cure the defects in his complaint by amendment and this Court therefore concludes that plaintiff should not be granted leave to amend.  If, however, plaintiff believes he can cure the noted defects by amendment, he may submit an amended complaint with his objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's proposed complaint (Dkt. 1-1) be DISMISSED with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court further recommends that this dismissal be counted

REPORT AND RECOMMENDATION
PAGE - 5

as a strike under 28 U.S.C. § 1915(g).  A proposed Order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 9, 2019**.

DATED this 16th day of July, 2019.

Mary Alice Theiler
United States Magistrate Judge